UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　　　Crim. No. 12-cr-20095
　　　　　　*Plaintiff*,　　　　　　Civ. No. 15-cv-13814

v.　　　　　　　　　　　　　　　　DISTRICT JUDGE THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE PATRICIA T. MORRIS

KELLI RAE SMITH,

　　　　　　*Defendant*.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON MOTION TO AMEND (Doc. 52) AND MOTION TO STRIKE (Doc. 55)**

## I.　RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Kelli Rae Smith's motion to amend (Doc. 52) be **DENIED** and that the United States of America's motion to strike (Doc. 55) be **DENIED**.

## II.　REPORT

### A.　Introduction

This matter arises pursuant to a motion filed on October 27, 2015, by Kelli Rae Smith under 28 U.S.C. § 2255, challenging her conviction for theft of person property over $1,000. (Doc. 43). Smith had pleaded guilty to that charge, and received a sixty-month sentence. (Doc. 38). On December 22, 2015, Smith filed a motion to amend her §2255 motion, alleging for the first time that her plea was not made knowingly or voluntarily, that she did not receive a copy of the pre-sentence investigation ("PSI") report, and that she did not review a copy of that report with her attorney. (*Id.*). On

1

December 31, 2015, the United States of America ("the government") moved to strike portions of Smith's motion to amend because of untimeliness. (Doc. 55). On January 5, 2016, U.S. District Judge Thomas Ludington referred Smith's motion to amend (Doc. 52) and the government's motion to strike (Doc. 55) to the undersigned magistrate judge for a report and recommendation. (Doc. 56).

   **B.   Analysis**

   Motions under 28 U.S.C. § 2255 are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA, which became effective in April 1996 and thus governs this 2013 conviction, imposes a one-year statute of limitations for a motion to vacate a sentence: "A 1–year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). The limitation period runs from "the date on which the judgment of conviction becomes final." § 2255(f)(1). Where a defendant appeals their conviction to the Court of Appeals, but does not then appeal to the Supreme Court, the conviction becomes final ninety days after the appellate court affirms the conviction. *See Sanchez–Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).

   In this case, Smith appealed to the Sixth Circuit Court of Appeals, which issued an opinion affirming her conviction on July 25, 2014, and issued a mandate enforcing its opinion on August 18, 2014. (Docs. 41, 42). Smith did not appeal to the Supreme Court. The AEDPA statute of limitations on Smith's § 2255 motion thus expired one year and ninety days after the Sixth Circuit issued its judgment, *i.e.* on October 23, 2015. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that the time for filing a writ of certiorari to the Supreme Court is ninety days "after the entry of the Court of Appeals'

judgment," thus a prisoner's § 2255 motion must be submitted within one year and ninety days of the appellate court's decision.).[1] Smith's § 2255 motion was received by the Clerk's Office for the United States District Court – Eastern District of Michigan in Bay City, Michigan on October 27, 2015. (Doc. 43).[2]

AEDPA's one year statute of limitations on § 2255 claims also operates to bar amendments to § 2255 motions made following the expiration of the limitation period. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Motions to amend a § 2255 motion after the expiration of the AEDPA statute of limitation will thus be barred "unless the proposed amendment relates back to the date of the original pleading within the meaning of Rule 15(c)(2)." *Id.* Rule 15(c) provides that amendments relate back to the date of the original pleading when the claim asserted in the amendment "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original

---

[1] The Court notes that some opinions, including that issued in *Clay*, refer to either the Court of Appeals' mandate, or mandate and judgment, rather than simply the judgment, as the reference point for calculating the statute of limitations on § 2255 claims under AEDPA. This distinction is ultimately irrelevant, since a Court of Appeals' opinion necessarily precedes its mandate, and because the date of the mandate does not impact the length of the ninety day window in which writ of certiorari must be submitted to the Supreme Court. *See* Supreme Court Rule 13.1, 13.3 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. . . . . The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate.").

[2] The postal stamps on the envelope containing Smith's § 2255 motion are not readily visible, thus the date on which that motion was submitted is not discernible at this time. Regardless, the government has not challenged the timeliness of that motion, the Court will treat it as timely.

pleading." Fed. R. Civ. P. 15(c)(1)(B). It is not sufficient that the amendment to a § 2255 motion "simply . . . relate to the same trial, conviction, or sentence as a timely filed claim." *Mayle v. Felix*, 545 U.S. 644, 662 (2005). Consequently, claims which "assert[] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" do not relate back. *Id*. at 648. Courts in this district have found that a claim does not relate back merely "because both claims relate to the alleged 'ineffectiveness' of . . . counsel." *Hestle v. United States*, No. 05-40245, 2013 WL 1147712, at *11 (E.D. Mich. Mar. 19, 2013). On the contrary, "it is the underlying facts that matter for the purposes of relating back, not the nature of the legal claims advanced." *Id*. Stated differently, "[a]mendments that seek to add new legal theories or present new claims based on different factual underpinnings are not permitted." *United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *3 (E.D. Mich. Sept. 30, 2015).

On December 22, 2015, Smith filed the instant motion to amend her § 2255 motion. (Doc. 52). In her motion to amend, Smith asserts for the first time that her plea was made either involuntarily or unknowingly, she asserts that the waiver of her right to appeal and collaterally attack her conviction "were never mentioned nor explained to me," that she "did not know [she] waived any rights to anything," that any statements to the contrary at the time of her plea were made "because of all the stress [she] was under at the time," that she "[a]bsolutely [did] not" understand the terms of her plea agreement, and that she "did not knowingly and voluntarily waive any right." (Doc. 52). Smith also asserts that her counsel "never gave [her] a copy" of the pre-sentence report, and "never

4

went over it for mistakes." (*Id.*). Smith also asserts that her counsel was "not there" when she signed her plea agreement, "nor did [she] speak with him before signing it." (*Id.*).

Because Smith's motion to amend was filed exactly two months after the expiration of the AEDPA statute of limitations, Smith's amendments cannot be added to her § 2255 motion unless her claims relate back under Fed. R. Civ. P. 15(c). Comparing the claims Smith makes in her § 2255 motion to those made in her motion to amend, it is clear that these new claims do not relate back. Smith asserts in her § 2255 motion that her counsel was ineffective in the following ways:

    i)  He failed to keep her apprised of the status of her appeal;
    ii)  He allowed receipts to be presented to the probation office without sufficiently investigating the issue;
    iii) He caused Smith to be deposed without informing her that her statements in said deposition could impact her sentence; and
    iv) He failed to object to the upward departure in her sentence based on obstruction of justice.

(Doc. 43). As noted above, Smith makes the following claims in her motion to amend:

    i)  Her plea was made unknowingly or otherwise involuntarily;
    ii)  Her counsel erred by failing to explain the impact of the waiver provisions in her plea agreement;
    iii) Her counsel did not provide Smith with a copy of the PSI report, and did not discuss the report with her;
    iv) Her counsel was not present at the time she signed her plea agreement, and failed to explain the agreement to her.

(Doc. 52). Nothing in Smith's § 2255 motion suggests that her counsel failed to explain the impact of her plea, in particular the waiver of her right to appeal and to collaterally attack her conviction. Similarly, she made no mention of the PSI report. Whereas Smith's original claims relate to her deposition, sentencing, and appeal, Smith's amended claims relate to her plea and the PSI report. Because Smith seeks to "present new claims based

on different factual underpinnings," the claims she raises in her motion to amend do not relate back, and her motion should not be granted. *See Smith*, No. 10-CR-20058, 2015 WL 5729114, at *3.

Rather than filing a response opposing Smith's motion to amend, the government moves to strike only those issues which Smith raises for the first time in her motion to amend. (Doc. 55). Within its motion, the government notes that Smith's "new issues . . . do not relate back to her original §2255 and therefore are untimely and should be dismissed," but ultimately requests that the Court "strike Smith's untimely-raised issues in her motion to amend" rather than deny Smith's motion entirely. (Doc. 55 at 2-3).

Having found that Smith's motion to amend should not be granted, the Court must now determine whether to recommend striking or denying that motion. The Federal Rules of Civil Procedure refer to "striking" in Rules 12, 26, and 37, though only Rule 12(f) refers to motions to strike, and thus is the only provision relevant here. Pursuant to Rule 12(f), a party may request, or the court may act on its own, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(1)-(2). The government has not pointed to any redundant, immaterial, impertinent, or scandalous statements in Smith's motion to amend which would merit striking a portion of her pleading pursuant to Rule 12. While it is true that Smith's new allegations are untimely and thus cannot be appended to her § 2255 motion, the mere fact that a motion is unsupported by law does not render the contents of the motion worthy of being stricken from the docket. While the government moves to strike only certain "issues" within Smith's motion rather than the motion itself, Rule 12(f)

6

contemplates only the striking of pleadings, not motions. *See F.D.I.C. v. Werner*, No. 08-CV-2336, 2010 WL 796770, at *1 (N.D. Ohio Mar. 3, 2010) ("While some courts have employed Fed. R. Civ. P. 12(f) to strike an affidavit or a brief, or portions thereof, there is no basis in the Federal Rules for doing so."); *Dombrovski v. Sirius Int'l Ins. Corp.*, No. 1:07CV0379, 2007 WL 2624804, at *3 (N.D. Ohio Sept. 6, 2007) (concluding that a motion is not a pleading, and thus may not be stricken under Rule 12(f)).

The outcomes of striking Smith's new allegations or denying her motion to amend in its entirety are practically identical, insofar as the issues newly raised by Smith will not be considered in the determination of her § 2255 motion either way. Having found that striking Smith's motion to amend would likely be improper and that her motion should not be granted, the Court recommends denying that motion. (Doc. 52). As a result, the Court also recommends denying the government's motion to strike. (Doc. 55).

## III.   Conclusion

For the reasons above, **IT IS RECOMMENDED** that Smith's motion to amend (Doc. 52) be **DENIED**, and that the government's motion to strike (Doc. 55) be **DENIED.**

## IV.   Review

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party

7

may respond to another party's objections within 14 days after being served with a copy."
Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections
constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155;
*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United
States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making
some objections, but failing to raise others, will not preserve all the objections a party
may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*,
931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829
F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any
objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any
objection must recite precisely the provision of this Report and Recommendation to
which it pertains. Not later than 14 days after service of an objection, the opposing party
may file a concise response proportionate to the objections in length and complexity. Fed.
R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each
issue raised in the objections, in the same order, and labeled as "Response to Objection
No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections
are without merit, it may rule without awaiting the response.

Date:  January 8, 2016                    S/ PATRICIA T. MORRIS
                                          Patricia T. Morris
                                          United States Magistrate Judge

8

**<u>CERTIFICATION</u>**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Kelli Rae Smith #46859039 at PO Box 14525, Lexington, KY 40512.

Date: January 8, 2016                                    By s/Kristen Krawczyk
                                                         Case Manager