UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Crim. No. 12-cr-20095
        Civ. No. 15-cv-13814

*Plaintiff*,

        DISTRICT JUDGE THOMAS L. LUDINGTON
v.        MAGISTRATE JUDGE PATRICIA T. MORRIS

KELLI RAE SMITH,

*Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 43, 49)

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Respondent's motion to dismiss (Doc. 49) be **GRANTED**, that Petitioner's motion under 28 U.S.C. § 2255 (Doc. 43) be **DENIED**, and that this civil case be **DISMISSED**.

**II.   REPORT**

    **A.   Introduction**

On February 8, 2012, Petitioner Kelli Rae Smith was charged with thirty-two counts of theft of personal property over $1,000 pursuant to 18 U.S.C. § 661. (Doc. 1). Smith pleaded guilty to a single count of theft of personal property over $1,000 on August 6, 2013, as provided for in a plea agreement with Respondent, United States of America. (Docs. 20, 39). Smith was sentenced to a sixty-month term of imprisonment, two years of supervised release, and restitution in the amount of $320,434. (Doc. 38 at

73). On October 27, 2015, Smith filed the instant motion under 28 U.S.C. § 2255. (Doc. 43). Rather than file a response, Respondent filed a motion to dismiss on November 24, 2015. (Doc. 49). These motions have been referred to the undersigned magistrate for report and recommendation. (Docs. 46, 50).

### B.     Background

Smith acted as caretaker and guardian for a disabled family member, Daniel Keith Smith ("Daniel"). (Doc. 20 at 18-22). Smith used this position of power to steal a large amount of money from Daniel, and concealed her wrongdoing by making false reports to the Internal Revenue Service and the tribal court of the Saginaw Chippewa Indian Tribe. (*Id*.).

Smith pleaded guilty to a single count of theft of property over $1,000, and at that time, the parties agreed that the appropriate guideline range was thirty-seven to forty-six months. (Doc. 17 at 4). However, the agreement also provided that the guidelines could be adjusted upward if, after pleading guilty, Smith made false statements, obstructed justice, committed a new offense, or failed to accept responsibility. (*Id*. at 4-5). The agreement also provided that as long as Smith was sentenced no higher than the top of the applicable guideline range, Smith waived her right to appeal or collaterally attack her conviction or sentence. (*Id*. at 4, 7-8.) The statutory maximum custodial sentence under 18 U.S.C. § 661 is five years or sixty months of imprisonment.

A dispute arose during the course of sentencing as to the value of legitimate expenses, *i.e.* those expended caring for Daniel, to be deducted from the monies Smith stole from Daniel. (Docs. 21, 22, 24, 25, 26, 28, 30). Smith submitted a variety of receipts

and spreadsheets in an attempt to increase the amount of deductions. (Doc. 25). Respondent discovered through investigation that these documents were forged for the purpose of misleading the court, and thus moved for Smith to be sentenced to the statutory maximum term of sixty months. (Doc. 28 at 2-7). Further, Smith revealed that she retracted her acceptance of responsibility during a March 3, 2013, deposition wherein she denied that she stole money from Daniel. (Doc. 30 at 11). After determining that Smith had obstructed justice and lost her two point reduction for acceptance of responsibility, the Court found that the applicable guideline range was sixty-three to seventy-eight months. As noted above the statutory maximum was sixty months. Therefore, District Judge Ludington sentenced Smith to a sixty-month term of incarceration. (Doc. 38 at 59-67, 73).

Smith now asserts that her trial counsel was ineffective in four ways. At the outset, the Court notes that Smith admits that she is "not attacking [her] plea," and does not attack the knowing and voluntary nature of her plea, nor does she assert that her plea was the product of ineffective assistance of counsel. (Doc 43 at 5). First, she asserts that her trial counsel "caused my sentence to be greater than it would have been" but for his failures. (*Id.*). Second, Smith asserts that her trial counsel failed to question "anyone involved with them [sic] receipts including myself," and that if he "independently questioned people about those receipts they would of [sic] never been submitted." (*Id*. at 6). Third, Smith claims that her attorney "should of [sic] never had me appear for this deposition . . . without informing me even though I plead guilty my statements I provided were subject to be used against me" and that she "did not know that for sentencing

3

purposes [she] had the right to remain silent." (*Id.* at 7). Fourth, Smith asserts that her trial counsel was ineffective by way of failing to object to the obstruction of justice enhancement and elimination of the acceptance of responsibility reduction at sentencing. (*Id.* at 9).

### C. Analysis

#### a. Evidentiary Hearing Standard

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve

4

alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993). Where a Court finds that there is no material factual dispute which a hearing could address, the § 2255 motion should be dismissed. I find that no such material factual dispute exists and thus, that the motion may be determined without a hearing.

### b. Waiver

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)); *accord United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). Thus, the Sixth Circuit has "held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) (noting that "plea agreement waivers of § 2255 rights are generally enforceable"). "Enforcing appeal waivers makes good sense . . . . A waiver of appellate rights gives a defendant a means of gaining concessions from the government. The government benefits, too, by saving the time and money involved in arguing appeals." *United States v. Toth*, 668 F.3d 374, 379 (6th Cir. 2012) (citations omitted). Therefore, as long as the plea was knowing and voluntary, and not the product of ineffective assistance of counsel, the appellate and collateral attack waivers will be enforced. *Id.*

Here, Smith does not argue that her plea was made in an unknowing or involuntary manner, nor does she argue that *her plea* was the product of ineffective assistance of counsel. On the contrary, she recognizes in her § 2255 motion that there is nothing irregular or improper about her plea, stating "I am not attacking my plea." (Doc. 43 at 5). Smith asserts only that her trial counsel was ineffective with regard to the sentencing phase of her criminal proceedings. Smith verified on the record that she chose to take the plea agreement freely and knowingly, and with a full understanding of the consequences, including the waiver of her right to appeal or to collaterally attack her conviction or sentence. (Doc. 39 at 12-24). The Sixth Circuit likewise found that "[t]he record . . . shows that her guilty plea was knowingly, intelligently, and voluntarily made," and that "it is clear that [Smith] has waived her right to appeal." (Doc. 56 at 3).

It is well settled that, where a plea agreement containing an appeal waiver or collateral attack waiver is entered into knowingly and voluntarily, a criminal defendant forfeits his or her right to appeal or collaterally attack the conviction or sentence, even when the collateral attack raises the issue of ineffective assistance of counsel at sentencing. *See Davila*, 258 F.3d at 451 (holding that a criminal defendant who signed a plea agreement containing an appeal waiver had waived his right to appeal on the grounds that his trial counsel rendered ineffective assistance during the sentencing process); *see also Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) ("[E]very Circuit to have addressed the issue has held that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes

the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

Only when a defendant is sentenced in a manner which violates the terms of the plea agreement would the defendant retain his or her right to appeal or collaterally attack issues arising out of sentencing. Here, the plea agreement provided that Respondent would recommend a guideline range of thirty-seven to forty-six months, that Smith's term of imprisonment could "not exceed the top of the sentencing guideline range," and that Smith's guideline range could change if Smith, after pleading guilty, made false statements, obstructed justice, committed a new offense, or failed to accept responsibility. (Doc. 17 at 4-8). The plea agreement admonished Smith that if she were to engage in conduct that obstructed justice or that indicated she was no longer accepting responsibility for her crime, the applicable guideline range could increase, and as long as she was sentenced within the applicable range, she could not appeal or collaterally attack her conviction or sentence. Since the sentence of sixty months was actually below the applicable guideline range of sixty-three to seventy-eight months, the terms of the plea agreement were not violated and Smith does not have a right to appeal or to collaterally attack her conviction or sentence.

I further note that even if her counsel were somehow less than zealous or effective at sentencing, Smith could not have suffered any prejudice as a result of such conduct since she was sentenced below the applicable guideline range. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

I therefore suggest that Smith's 2255 motion be denied.

7

### III. Conclusion

For the reasons above, **IT IS RECOMMENDED** that Respondent's motion to dismiss (Doc. 49) be **GRANTED**, that Smith's motion under § 2255 (Doc. 43) be **DENIED**, and that this civil case be **DISMISSED.**

### IV. Review

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.

8

R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 10, 2016				S/ PATRICIA T. MORRIS
						Patricia T. Morris
						United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Kelli Rae Smith #46859039 at P.O. Box 14525, FMC Satellite Camp, Lexington, KY 40512.

Date: March 10, 2016				By s/Kristen Krawczyk
						Case Manager